IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Equity Holding Corp., | ) | C/A No. 7:26-cv-01087-BHH-KFM |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| Crystal Jordan, All Occupants, | ) | |
| Defendants. | ) | |

Ms. Jordan, proceeding *pro se* and *in forma pauperis*, purported to remove the present action from the Spartanburg County Magistrate Court (doc. 1), asserting that a federal question arises from an eviction action against her for non-payment of rent. The docket number for the state court action was Case No. 2026cv4210500238 (*id*.). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## BACKGROUND

This case arises from a state eviction action (2026cv4210500238) filed against Ms. Jordan and "All Occupants" by Equity Holding Corp. on February 16, 2026 ("the Eviction Action"). *See* Spartanburg County Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter 2026cv4210500238) (last visited March 18, 2026). In the Eviction Action, no hearing has been set and no writ of ejectment has been issued. *See* Spartanburg County Public Index (enter 2026cv4210500238) (last visited March 18, 2026). In the notice of removal, Ms. Jordan alleges that the Eviction Action should be removed to this court because Equity Holding Corp. is retaliating against Ms. Jordan for exercising protected rights relating to housing and tenancy under the Fair

Housing Act ("FHA") (doc. 1 at 1).  Ms. Jordan maintains that these alleged rights violations give rise to federal jurisdiction, thus, making this action removable (*id*. at 1–2).  Ms. Jordan also purported to file a document entitled "Defendant's Federal Counterclaims and Complaint" (doc. 1 at 3–5).  As explained below, the undersigned recommends that this matter be remanded.

### APPLICABLE LAW & ANALYSIS

Ms. Jordan filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, Ms. Jordan's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction – and the propriety of removal, however, rests with the removing party.  *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  In determining federal question jurisdiction, the complaint controls.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As noted, it appears that Ms. Jordan purports to remove the Eviction Action to this court based upon Federal Question jurisdiction (*see* doc. 1).  However, the instant matter should be remanded for lack of subject matter jurisdiction.  "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them."  *Ballard v. Carlson*, 882 F.2d 93,

95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal question jurisdiction, as alleged herein, arises when the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In her notice of removal, Ms. Jordan alleges that federal question jurisdiction exists over this eviction action because this case involves violations of fair housing rights. However, the Eviction Action involves the collection of rent – and nothing in the Eviction Action suggests that the state proceedings arose out of the Constitution, laws, or treaties of the United States (*see* docs. 1; 1-1). Further, Ms. Jordan cannot manufacture federal question jurisdiction in the present matter by referencing the FHA. *See Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) (noting that "[t]he basis of federal question jurisdiction [ ] must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition"); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 585 (4th Cir. 2006) (noting that "actions in which [state court] defendants merely claim a substantive federal defense to a state law claim do not raise a federal question"). Accordingly, this court lacks subject matter jurisdiction over this action; thus, it should be *sua sponte* remanded.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court *sua sponte* **REMAND** this case to the Spartanburg County Magistrate Court for lack of subject matter jurisdiction. It is further recommended that the motion for a temporary restraining order and preliminary injunction (doc. 4) be **found as moot** because this court lacks jurisdiction to consider it. It is further recommended that Ms. Jordan be warned regarding the imposition of sanctions if additional improper notices of removal are filed with this court. **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 19, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).