IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Equity Holding Corp.,                    )
                                         )
            Plaintiff,                   )
                                         )     Civil Action No. 7:26-cv-1087-BHH
v.                                       )
                                         )     **ORDER**
Crystal Jordan, All Occupants,           )
                                         )
            Defendants.                  )
_____  )

Crystal Jordan ("Jordan"), proceeding *pro se*, purported to remove this action from the Spartanburg County Magistrate Court, asserting that a federal question arises out of an eviction action against her for non-payment of rent.  (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 19, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court *sua sponte* remand this action to the Spartanburg County Magistrate Court for lack of subject matter jurisdiction because the eviction action at issue involves the collection of rent and does not arise out of the Constitution, laws, or treaties of the United States.  (ECF No. 8.)  The Magistrate Judge also recommends that the Court find moot the motion for temporary restraining order and preliminary injunction filed by Jordan because the Court lacks jurisdiction to consider it.  (*Id.*)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court *sua sponte* remands this action to the Spartanburg County Magistrate Court for lack of subject matter jurisdiction. The Court also finds as moot the motion for temporary restraining order and preliminary injunction (ECF No. 4), and the Court warns Defendant that sanctions may be imposed if additional improper notices of removal are filed with this Court.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 14, 2026
Charleston, South Carolina